UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEROME BROWN, SR.,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>KARL A. RACINE, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. C19-1655-RAJ<br><br>REPORT AND RECOMMENDATION |

Plaintiff Jerome Brown, appearing pro se, filed an application to proceed *in forma pauperi*s (IFP) and a proposed civil complaint. (Dkt. 1.) Plaintiff's proposed complaint is difficult to decipher and does not appear to include any viable claims or basis for jurisdiction in this Court. He names as defendants various officials or individuals located in the District of Columbia and identifies his pleading as a Complaint for Conversion of Property.

Plaintiff has a history of filing numerous, repetitive, and frivolous lawsuits in the federal courts across the country. A number of cases filed in this Court in the past year have been dismissed as frivolous. *See, e.g.*, *Brown v. Frosh*, C19-1503-RSM; *Brown v Administrative Office of the US Courts*, C19-1484-JCC; *Brown v. Smith*, C19-1416-RSM; *Brown v. Brennan*, C19-1331-JLR; *Brown v. United States Marshall Service, et al.*, C19-1246-RAJ; *Brown v. USPS PMG*, C19-

REPORT AND RECOMMENDATION
PAGE - 1

0295-RSM; *see also* pending Report & Recommendations in *Brown v. Frank*, C19-1699-RSM; *Brown v. Barr*, C1593-JLR; and *Brown v. Auerbach*, C19-1311-RSL. At least three other district courts have limited plaintiff's ability to file new cases. *See Brown v. Walter, et al.*, C18-0320-RMP (E.D. Wash.) (Dkt. 2) (dismissing action filed without a filing fee or IFP application in light of litigious history; citing *Brown v. Lyons Mane Partnership*, No. 10-mc-7 (D. D.C. Mar. 1, 2010) (enjoining plaintiff from proceeding IFP), *aff'd* No. 10-7027 (D.C. Cir. June 7, 2010); *In re: Jerome J. Brown*, Misc. No. 04-465 (D. Md. Dec. 7, 2004) (deeming plaintiff a frequent litigator and imposing pre-filing restrictions); and *In re Brown*, No. 3:10-cv-00010 (E.D. Va. July 28, 2010) (limiting plaintiff to one lawsuit at a time pending in that district)).

In order for a pleading to state a claim for relief under Rule 8(a) of the Federal Rules of Civil Procedure, it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must also allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court may deny an application to proceed IFP and should dismiss a complaint if it is frivolous or fails to state a claim upon which relief may be granted. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff's proposed complaint fails to allege sufficient facts to place any defendant on

REPORT AND RECOMMENDATION
PAGE - 2

notice of the nature of plaintiff's claims or to otherwise provide any basis for this Court's jurisdiction. *See* Fed. R. Civ. P. 8(a).[1] Considering both plaintiff's submission in the current case and his litigation history, there is no reasonable basis for concluding the deficiencies in the proposed complaint could be cured by amendment. Further, given that this action appears frivolous and fails to state a claim upon which relief may be granted, it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B).

For the reasons set forth above, the request to proceed IFP should be DENIED and this case DISMISSED without prejudice. 28 U.S.C. § 1915(e)(2)(B). A proposed order of dismissal accompanies this Report and Recommendation.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 15, 2019**.

DATED this 25th day of October, 2019.

Mary Alice Theiler
United States Magistrate Judge

---

[1] There is also, as in other cases filed in this Court, a question as to proper venue. *See, e.g.*, *Brown v. Barr*, C1593-JLR (Dkt. 4 at 3-4)

REPORT AND RECOMMENDATION
PAGE - 3